THOMAS MURPHY *vs.* INHABITANTS OF CLINTON.

Worcester.     September 30, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Municipal Corporations. Tax. Constable. Evidence.*

Under Pub. Sts. c. 50, § 5, it is the official duty of a town treasurer who also is collector of taxes to collect sewer assessments in the same way that ordinary taxes are collected and he has no authority to pay a constable from the town treasury for serving demands for the payment of such assessments.

Demands for the payment of sewer assessments are not warrants or other processes

within the meaning of Pub. Sts. c. 27, § 119, which it is the duty of constables to serve when directed to them by the selectmen of their town.

A part payment made to a constable by a town treasurer out of the money of the town, never authorized or ratified by vote of the town, for compensation for serving demands for the payment of sewer assessments, does not tend to show, that the treasurer, the road commissioners or the town solicitor had authority from the town to employ the constable for that purpose at its expense.

CONTRACT by a constable for compensation for serving five hundred and fifty-eight demands for the payment of sewer assessments. Writ dated April 18, 1900.

In the Superior Court *Sheldon,* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Smith,* for the plaintiff.

*T. L. Walsh,* for the defendant.

BARKER, J. The plaintiff sues to recover compensation for serving as a constable certain demands for the payment of sewer assessments. It is conceded that the assessments were legal and that they were made under the provisions of Pub. Sts. c. 50, § 4, and the demands for payment were written demands made out in accordance with the provisions of Pub. Sts. c. 50, § 5, by the person who was then the town treasurer and collector of taxes and to whom the assessments had been committed for collection by warrants issued by the road commissioners of the town.

There is no dispute that the demands, five hundred and fifty-eight in number, were served by the plaintiff. There was evidence tending to show that the direction to serve them came to him from the road commissioners and the town solicitor, after the adoption at a legal town meeting of a vote " that it be expressed as the sentiment of this meeting that the town treasurer and all other town officers whose duty it may be shall proceed at once to collect the unpaid sewer assessments." The demands after being prepared by the town treasurer, who was also collector of taxes, were handed by that officer to the plaintiff for service. At an earlier town meeting the town had adopted a general system of sewers and had voted that assessments therefor under § 4, c. 50, of the Public Statutes should be made, and the assessments so directed were those of which the collector's demands for payment were served by the plaintiff.

The town had accepted the provisions as to road commissioners of Pub. Sts. c. 27, §§ 74–77, so that its road commissioners

had the powers and duties of selectmen concerning its sewers. It does not appear what were the powers and duties of its town solicitor. Aside from the two votes referred to there is nothing. outside of the statutes as to town officers showing the authority of the various officers to bind the town.

While it is true that the sewers for which the assessments were made were the property of the town, and that the town voluntarily had undertaken their construction and had voted that the assessments should be made, neither these facts alone nor the further vote expressing that it was the sentiment of the town meeting that the treasurer and all other town officers whose duty it might be should proceed at once to collect the unpaid assessments, would confer authority upon either the treasurer, the road commissioners, or the town solicitor to employ as an agent of the town to be paid out of the town treasury the plaintiff to serve demands which it was the official duty of the treasurer as collector to make. The statute plainly implies that such assessments are to·be collected, like ordinary taxes by its collector of taxes. Pub. Sts. c. 50, § 5. The written demand for payment necessarily is his demand, and he must look to his compensation as collector, in the absence of any specific provision made by statute, for his compensation for making the demand. The action of the town made it the duty of the road commissioners to levy the assessments and to issue their warrant committing them to the treasurer for collection, and made it the duty of the latter officer to make the written demands. The plaintiff as a constable had power to serve them. Pub. Sts. c. 27, § 117. But if he saw fit to do so he must look for his pay to the persons by whom he was employed and not to the town. The demands were not warrants or processes directed to him as constable by the selectmen or the road commissioners. See Pub. Sts. c. 27, § 119.

Nor does the fact that after serving the demands the plaintiff received from the town treasurer out of the money of the town in his custody a partial payment of his compensation tend to show either that the treasurer, the road commissioners or the town solicitor had authority from the town to employ the plaintiff at its expense, or that the town is liable to him. The payment was not made under any vote of the town, nor upon any

lawful order or warrant of any board or officer having power to order payments to be made from the town treasury. Nor does it appear that the payment was ever made known to the town or ratified or approved by it. Under these circumstances we think that the verdict for the defendant was ordered rightly.

*Exceptions overruled.*